IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| FRANCISCO HERNANDEZ GUINAC, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-01346 (AJT/LRV) |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Before the Court is Francisco Hernandez Guinac's ("Petitioner") Petition for Writ of Habeas Corpus. [Doc. No. 1]; ("Petition"). By order dated May 20, 2026, the Court ordered the Government to respond to the Petition within five days, [Doc. No. 2], and Respondents timely submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or other opinions of this Court cited therein. [Doc. No. 4].

Petitioner is a citizen of Guatemala, who is alleged to have entered the United States without inspection in or around 1996. [Petition] ¶¶ 1, 27. On or around April 2026, Petitioner was arrested by immigration officials and eventually taken to the Farmville Detention Center, where he remains. *Id*. ¶¶ 29-30. He further alleges that he has not been provided a bond hearing. *Id*. ¶ 2.

In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge.

Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Petitioner be immediately released from custody, with all his personal

property, pending his bond hearing before an immigration judge; and it is further

**ORDERED** that Petitioner live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order; and it is further

**ORDERED** that should Petitioner be re-detained in the future, Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and notify him of its date, time, and location; and it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner's release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), or from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that, if Petitioner is released on bond, Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or is detained pursuant to a valid, final order of removal.

The Clerk is directed to forward a copy of this Order to counsel of record, and to terminate the case.

/s/

Anthony J. Trenga
Senior United States District Judge

Alexandria, Virginia
May 26, 2026

2